Mary K. Alejandro, Acting Regional Solicitor
Bruce L. Brown, Associate Regional Solicitor
Danielle L. Jaberg, Counsel for ERISA
Evan H. Nordby, Trial Attorney, WSBA #35937
Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Telephone:   (206) 757-6762
Facsimile:   (206) 757-6761

Attorneys for Hilda L. Solis, Secretary of Labor,
United States Department of Labor, Plaintiff

FILED
MAY 31 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,

Plaintiff,

vs.

TIMOTHY JOHN HARDT, MARK DELL DONNE, and the JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401(K) PLAN,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:10-CV-02283-AWI-JLT

**PARTIAL CONSENT JUDGMENT AND ORDER BETWEEN THE SECRETARY OF LABOR AND MARK DELL DONNE AND THE JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401(K) PLAN**

Hearing Date: Mon., June 4, 2012
Time: 1:30 p.m.
Judge: Ishii, J.

WHEREAS:

A. Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary" or "EBSA") pursuant to her authority under Sections 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against TIMOTHY JOHN HARDT, an individual ("Hardt"); MARK DELL DONNE, an individual ("Dell Donne"); and the

PARTIAL CONSENT JUDGMENT AND ORDER – PAGE 1

JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401(K) PLAN (the "Plan" or "401(k) Plan").[1]

B. The Secretary and Defendants Dell Donne and the Plan admit that the Court has jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the United States District Court, Eastern District of California pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

C. Without admitting or denying the allegations of the Secretary's Complaint, Defendants Dell Donne and the Plan agree to the entry of this Partial Consent Judgment and Order against them. The Secretary and Defendants Dell Donne and the Plan further agree that this Partial Consent Judgment and Order shall settle all claims of the Secretary asserted in the Complaint against Defendants Dell Donne and the Plan, as set forth in Paragraph 14 *infra*.

D. The Secretary's Complaint alleges that Defendant Dell Donne is a fiduciary of the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21).

E. The Secretary's Complaint alleges that Defendant Dell Donne breached the fiduciary duties imposed on him by ERISA Sections 403(a); 403(c)(1); 404(a)(1)(A), (B) and (D); 405(a); 406(a)(1)(B) and (D); and 406(b)(1) and (2), 29 U.S.C. §§ 1103(a); 1103(c)(1); 1104(a)(1)(A), (B) and (D); 1105(a); 1106(a)(1)(B) and (D); and 1106(b)(1) and (2). In alleging the identified breaches, the Secretary alleges Defendant Dell Donne failed to remit, and remit timely, employee contributions and participant loan repayments, and by failing to collect employer prevailing wage contributions to the Plan.

F. The Secretary's Complaint alleges that, as a result of the breaches set forth in Paragraph E, *supra*, and as more fully alleged in the Secretary's Complaint, Defendant Dell Donne caused losses to the Plan for which he is jointly and severally liable with Defendant Hardt.

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief. Fed. R. Civ. P. 19(a).

PARTIAL CONSENT JUDGMENT AND ORDER – PAGE 2

IT IS HEREBY **ORDERED, ADJUDGED**, and **DECREED** that:

1. Judgment is hereby entered against Defendant Dell Donne in the amount of $472,235.11.

2. Pursuant to ERISA Section 409, 29 U.S.C. § 1109, Defendant Dell Donne is responsible for restoring **$472,235.11** in unremitted employee salary reduction contributions and uncollected mandatory employer prevailing wage contributions, including lost-opportunity costs ("Amount Due"), to the Plan, through the obligations set forth in Paragraphs 7 and 8, *infra*.

3. Defendant Dell Donne is permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

4. Upon motion of the Secretary identifying such, an Independent Fiduciary with the duties set forth in Paragraph 6, *infra*, shall be appointed Trustee of the Plan by this Court. Upon such motion and appointment, Defendant Dell Donne is removed as the Trustee of the Plan and is permanently enjoined and restrained from serving as fiduciary of, or service provider to, any ERISA-covered plan.

5. The Independent Fiduciary of the Plan:

   a. Will be responsible for collecting, marshalling, paying out, and administering Plan assets, calculating the participants' and beneficiaries' account balances, and taking further action with respect to the Plan as appropriate, and, if necessary, terminating the Plan when all of its assets are distributed to all eligible participants and beneficiaries;

   b. Pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, must exercise reasonable care and diligence to identify and locate each Plan participant and beneficiary who is eligible to receive a distribution under the terms of the Plan to the extent the Plan has distributable assets and shall distribute such assets at a frequency that he or she determines is appropriate;

PARTIAL CONSENT JUDGMENT AND ORDER – PAGE 3

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6758

  c. Has all the rights, duties, discretion and responsibilities of a trustee, fiduciary and Plan Administrator under ERISA, including filing Form 5500s;

  d. Has the authority to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain assistance as needed, including attorneys, accountants, actuaries, and other service providers;

  e. Shall have full access to all data, information and calculations in the Plan's possession and under its control, including information and records maintained by the Plan's custodial trustee or service provider;

  f. Shall have the authority to give instructions respecting the disposition of assets of the Plan;

  g. Shall obtain and maintain a fidelity bond pursuant to ERISA Section 412, 29 U.S.C. § 1112;

  h. Shall comply with all applicable rules and laws;

  i. Shall, if necessary, amend the Plan Document as follows: "An offset to a participant's accrued benefit, or an offset to a participant's individual account, against an amount that the participant is ordered or required to pay the Plan with respect to a judgment, order, or decree issued, or a settlement entered into, shall be permitted." If necessary, this Partial Consent Judgment and Order shall be attached to the Plan document as an amendment; and

  j. Shall be entitled to reasonable compensation, fees and expenses, paid in accordance with the Plan Document. Following the entry of this Partial Consent Judgment and Order by the Court, the Independent Fiduciary shall be required to present to the Court and the Secretary an itemized report of fees and expenses on a quarterly basis ("Fee Report"). The Fee Report shall include the hourly rates of pay, dates and hours of work, a description of work performed, and an itemized statement of expenses. The Secretary requests that the Fee Report shall be deemed approved, unless the Secretary

PARTIAL CONSENT JUDGMENT AND ORDER – PAGE 4

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6758

specifically objects to the fees and expenses charged within fifteen business days of presentation.

6.  Defendant Dell Donne shall cooperate fully with the Independent Fiduciary in providing documents or information he or she may have relevant to the Plan's administration and management.

7.  Pursuant to this Partial Consent Judgment and Order, Defendant Dell Donne has executed a fully binding and irrevocable assignment of the right to collect a portion of the proceeds of the arbitration award, in the amount of $450,000, in Tri-State, Inc. d/b/a Journey Electrical Technologies v. Taisei Const. Corp, Los Angeles Superior Court No. NC053609, from Tri-State, Inc., d/b/a Journey Electrical Technologies, Inc. to the Plan, directed that Tri-State, Inc., d/b/a Journey Electrical Technologies, Inc. pay such $450,000 to the Plan when received in partial satisfaction of the Amount Due to the Plan, and fully warrants and represents that he has authority to execute such assignment and make such direction.

8.  As authorized by 29 U.S.C. § 1056(d)(4), in addition to the payment from Tri-State, Inc., d/b/a Journey Electrical Technologies, Inc. to the Plan pursuant to Paragraph 7, Defendant Dell Donne shall forfeit his entire account balance in the Plan, totaling $22,235.11 valued as of April 21, 2012, and the Independent Fiduciary shall reallocate such balance to the participants' accounts in the Plan other than Dell Donne's. Defendant Dell Donne represents that his spouse will memorialize her consent to the forfeiture of Defendant Dell Donne's Plan balance by executing a Waiver of Benefits and Spousal Consent Form and filing such with this Court.

9.  Under the guidelines set forth in 31 C.F.R. § 902.2 and other applicable authority, the civil penalty assessed under ERISA Section 502(l), 29 U.S.C. § 1132(l), shall be compromised with respect to Defendant Dell Donne. No civil penalty will be assessed or collected against Defendant Dell Donne with respect to the applicable recovery amount under this Partial Consent Judgment and Order.

PARTIAL CONSENT JUDGMENT AND ORDER – PAGE 5

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6758

10. Wherever submission to the Secretary is required under the terms of this Partial Consent Judgment and Order, such submission shall be made to:

Crisanta Johnson
Regional Director
United States Department of Labor
Employee Benefits Security Administration
1055 East Colorado Blvd, Ste 200
Pasadena, CA 91106-2357

11. This Partial Consent Judgment and Order does not resolve the Secretary's claims against Defendants Timothy and Michelle Hardt, except that the Amount Due paid by Defendant Dell Donne may offset or reduce Defendants Timothy and Michelle Hardt's joint and several liability to the Plan to the extent that the overall liability to the Plan has been reduced by the payment of the Amount Due under the terms of this Partial Consent Judgment and Order.

12. The Secretary and Defendant Dell Donne shall each bear their own costs, expenses, and attorney's fees incurred to date in connection with any stage of this proceeding, including, but not limited to, attorney's fees that may be available under the Equal Access to Justice Act, as amended.

13. Defendant Dell Donne expressly waives any and all claims of any nature which he has or may have against the Secretary, the United States Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

14. In consideration of the execution of this Partial Consent Judgment and Order and all elements set forth within, including but not limited to payment of the Amount Due as set forth in Paragraphs 7 and 8, *supra*, and the assignment set forth in Paragraph 7, *supra*, the Secretary expressly waives further recovery of funds to the Plan from Defendant Dell

PARTIAL CONSENT JUDGMENT AND ORDER – PAGE 6

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6758

Donne, arising out of or in connection with the allegations contained in the Complaint on file in this action, and any other proceedings or investigation incident thereto.

15. In the event that any or all payments of the Amount Due to the Plan pursuant to this Partial Consent Judgment and Order are later removed from the Plan for any reason (except in accordance with the Plan document for distributions to eligible participants and beneficiaries, bona fide Plan administrative expenses, or similar Plan purposes), this Partial Consent Judgment and Order shall be void, and the causes of action set forth in the Secretary's Complaint in this matter against Defendant Dell Donne shall be reinstated without prejudice to the Secretary.

16. Nothing in this Partial Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

17. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Partial Consent Judgment and Order.

18. By signing his name to this Partial Consent Judgment and Order, the parties represent that they are informed and understand the effect and purpose of this Partial Consent Judgment and Order.

The Court directs the entry of this Partial Consent Judgment and Order.
IT IS SO ORDERED, ADJUDGED, and DECREED.

Dated: May 30, 2012

[signature]

UNITED STATES DISTRICT COURT

Entry of this Partial Consent Judgment and Order is hereby consented to:

| Approved this 23rd day of April, 2012: | Approved this 22nd day of April, 2012: |
|---|---|

PARTIAL CONSENT JUDGMENT AND ORDER – PAGE 7

| | |
|---|---|
| 1  By: [signature] <br> MARK DELL DONNE <br><br> Approved as to form this 23rd day of April, 2012: <br><br> By: [signature] <br> Tom R. Normandin, Esq. <br> Nichole M. Wong, Esq. <br> Prenovost, Normandin, Bergh & Dawe, APC <br> 2122 N. Broadway, Suite 200 <br> Santa Ana, CA 92706-2614 <br> Counsel for Defendants Mark Dell Donne and Journey Electrical Technologies, Inc., 401(k) Plan <br><br> *** | M. PATRICIA SMITH <br> Solicitor of Labor <br><br> MARY K. ALEJANDRO <br> Acting Regional Solicitor <br><br> BRUCE L. BROWN <br> Associate Regional Solicitor, Seattle <br><br> DANIELLE L. JABERG <br> Counsel for ERISA <br><br><br> By: /s/ Evan H. Nordby <br> EVAN H. NORDBY <br> Trial Attorney <br><br> Attorneys for Plaintiff <br> United States Department of Labor |

**PARTIAL CONSENT JUDGMENT AND ORDER – PAGE 8**