**FILED**

**OCT 31 2012**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Janet M. Herold, Regional Solicitor
Bruce L. Brown, Associate Regional Solicitor
Danielle L. Jaberg, Counsel for ERISA
Evan H. Nordby, Trial Attorney, WSBA #35937
Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

Attorneys for Hilda L. Solis, Secretary of Labor,
United States Department of Labor, Plaintiff

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY JOHN HARDT, MARK DELL DONNE, and the JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401(K) PLAN,<br><br>Defendants. | Case No. 1:10-CV-02283-AWI-JLT<br><br>**CONSENT JUDGMENT AND ORDER BETWEEN THE SECRETARY OF LABOR AND DEFENDANT TIMOTHY JOHN HARDT** |

WHEREAS:

A. Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary" or "EBSA") pursuant to her authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against TIMOTHY JOHN HARDT, an individual ("Hardt"); MARK DELL DONNE, an individual ("Dell Donne"); and the JOURNEY ELECTRICAL TECHNOLOGIES, INC. 401(K) PLAN (the "Plan" or "401(k) Plan").[1]

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief. Fed. R. Civ. P. 19(a).

**CONSENT JUDGMENT AND ORDER – PAGE 1**

B. The Secretary and Hardt (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the United States District Court, Eastern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

C. Without admitting or denying the allegations of the Secretary's Complaint, the parties agree to the entry of this Consent Judgment and Order Between the Secretary of Labor and Defendant Timothy John Hardt ("this Consent Judgment and Order"). The parties further agree that this Consent Judgment and Order shall fully settle all claims of the Secretary asserted in the Complaint against Defendant Hardt.

D. The Secretary's Complaint alleges that Defendants Hardt and Dell Donne are fiduciaries of the Plan within the meaning of Section 3(21), 29 U.S.C. § 1002(21), of ERISA.

E. The Secretary's Complaint alleges that Defendants Company, Hardt and Dell Donne breached the fiduciary duties imposed on them by ERISA §§ 403(a); 403(c)(1); 404(a)(1)(A), (B) and (D); § 405(a); 406(a)(1)(B) and (D); and 406(b)(1) and (2); 29 U.S.C. §§ 1103(a); 1103(c)(1); 1104(a)(1)(A), (B) & (D); 1105(a); 1106(a)(1)(B) & (D); and 1106(b)(1) and (2); by failing to remit, and remit timely, employee contributions and participant loan repayments, and by failing to collect and deposit employer prevailing wage contributions, to the Plan.

F. The Secretary's Complaint alleges that, as a result of the breaches set forth in Paragraph E, *supra*, and as more fully alleged in the Secretary's Complaint, Defendants Hardt and Dell Donne caused losses to the Plan for which they are jointly and severally liable.

G. On May 30, 2012, this Court entered a Partial Consent Judgment and Order Between the Secretary of Labor and Defendants Mark Dell Donne and the Journey Electrical Technologies, Inc., 401(k) Plan.

CONSENT JUDGMENT AND ORDER – PAGE 2

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Judgment is hereby entered against Defendant Hardt in the amount of **$472,235.11** ("Amount Due").

2. Pursuant to ERISA § 409, 29 U.S.C. § 1109, Defendant Hardt is liable and responsible for restoring **$472,235.11** in unremitted employee salary reduction contributions and uncollected mandatory employer prevailing wage contributions, plus lost-opportunity costs, to the Plan, plus post-judgment interest through the date of collection at the rate established by 28 U.S.C. § 1961.

3. Defendant Hardt is permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

4. Defendant Hardt is permanently enjoined and restrained from serving as fiduciary of, or service provider to, any ERISA-covered plan.

5. Defendant Hardt shall cooperate fully with the Independent Fiduciary that will be appointed by the Court pursuant to the May 30, 2012, Partial Consent Judgment and Order Between the Secretary of Labor and Defendants Mark Dell Donne and the Journey Electrical Technologies, Inc., 401(k) Plan, in providing documents or information he may have relevant to the Plan's administration and management.

6. Defendant acknowledges that Plaintiff may, at any time in the future, record and enforce a judgment lien under this Consent Judgment and Order against any real property owned wholly or in part by Hardt, may seek attachment of assets, may garnish wages, and may take any other actions to satisfy outstanding obligations under this Consent Judgment and Order.

7. Defendant Hardt agrees that if he receives any funds from any source other than wages, salary, commissions, interest income and dividends (including but not limited to inheritance and capital gains; and, gambling winnings, lottery winnings, or cash gifts in excess of $1,000 per instance) within the meaning of Title 26 of the United States Code, those funds received up to the Amount Due shall be paid to the Plan within 30 days of

CONSENT JUDGMENT AND ORDER – PAGE 3

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6758

receipt of such funds, in such manner as directed by the Plan's trustee or Independent Fiduciary.

8. Defendant Hardt waives any right of his to restoration of missing employee contributions and employer contributions, plus interest thereon, owed to him as a Plan participant. The spouse of Defendant Hardt has consented to the waiver of amounts owed, as evidenced by the Waiver of Benefits and Spousal Consent Form submitted by Defendant Hardt contemporaneously with the filing of this Consent Judgment and Order, as Exhibit A, and incorporated herein by reference. All restorations of the Amount Due plus Interest to the Plan shall be allocated to all Plan participants other than Defendants Hardt (and, Dell Donne, pursuant to the Partial Consent Judgment and Order Between the Secretary of Labor and Defendants Mark Dell Donne and the Journey Electrical Technologies, Inc., 401(k) Plan).

9. Wherever submission to the Secretary is required under the terms of this Consent Judgment and Order, such submission shall be made to:

Crisanta Johnson
Regional Director
United States Department of Labor
Employee Benefits Security Administration
1055 East Colorado Blvd, Ste 200
Pasadena, CA 91106-2357

10. Contemporaneously with this Consent Judgment and Order, the Secretary and Hardt have stipulated to the full nondischargeability of the Amount Due plus post-judgment interest in a Joint Stipulation and Order as to Nondischargeability of Debt to be filed in the associated case of Solis v. Hardt (In re Hardt), District Court Case No. 10-CV-01847. A copy of the Joint Stipulation and Order as to Nondischargeability of Debt dated September 14, 2012, is attached hereto as Exhibit B and its terms incorporated by reference.

CONSENT JUDGMENT AND ORDER – PAGE 4

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6758

11. This Consent Judgment and Order does not in any manner affect the right of the United States Department of Labor to assess a civil penalty of twenty percent (20%) on amounts recovered pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), after the full recovery of the Amount Due. This Consent Judgment and Order does not in any manner affect the right of Defendant Hardt to apply for a waiver of such civil penalty pursuant to 29 C.F.R. § 2570.85-86, or contest such civil penalty assessment under Title 11 of the United States Code.

12. The Secretary and Defendant Hardt shall each bear their own costs, expenses, and attorney's fees incurred to date in connection with any stage of this proceeding, including, but not limited to, attorney's fees that may be available under the Equal Access to Justice Act, as amended.

13. Defendant Hardt expressly waives any and all claims of any nature which he has or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

14. Nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

15. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

16. By signing their names to this Consent Judgment and Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment and Order.

The Court directs the entry of this Consent Judgment and Order as a final order.
IT IS SO ORDERED, ADJUDGED, and DECREED.

CONSENT JUDGMENT AND ORDER – PAGE 5

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVE, SUITE 1120
SEATTLE, WA 98104
(206) 757-6758

Dated: Oct. 31, 2012

UNITED STATES DISTRICT COURT

Entry of this Consent Judgment is hereby consented to:

| | |
|---|---|
| Approved this _10_ day of _September_, 2012:<br><br>By: _____<br>TIMOTHY HARDT<br><br>Approved as to form this _10_ day of _September_, 2012:<br><br>By: _____<br>Ray T. Mullén, Esq.<br>Law Office Of Ray T. Mullen<br>1405 Commercial Way, Suite 130<br>Bakersfield, California 93309<br><br>Murray Tragish, Esq.<br>Law Offices of Murray Tragish<br>1405 Commercial Way, Suite 130<br>Bakersfield, California 93309<br>Counsel for Defendant Timothy Hardt | Approved this _4th_ day of _September_, 2012:<br><br>M. PATRICIA SMITH<br>Solicitor of Labor<br><br>JANET M. HEROLD<br>Regional Solicitor<br><br>BRUCE L. BROWN<br>Associate Regional Solicitor, Seattle<br><br>DANIELLE L. JABERG<br>Counsel for ERISA<br><br>By: _____<br>EVAN H. NORDBY<br>Trial Attorney<br><br>Attorneys for Plaintiff<br>United States Department of Labor |

CONSENT JUDGMENT AND ORDER – PAGE 6

OFFICE OF THE SOLICITOR
U.S. DEPT. OF LABOR
300 FIFTH AVE, SUITE 1120
SEATTLE, WA 98104

## WAIVER OF BENEFITS AND SPOUSAL CONSENT
### (Re: Solis v. Hardt et al., E.D. Cal. No. 10-CV-2283-AWI-JLT)

1. I, Michelle Hardt, am married to Timothy Hardt.

2. I understand that Timothy Hardt is a Defendant in a lawsuit by authorized representatives of Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), regarding the Journey Electrical Technologies, Inc., 401(k) Plan.

3. I understand that the Secretary alleges that Timothy Hardt breached his fiduciary duties with respect to the Plan, in violation of ERISA §§ 403(a); 403(c)(1); 404(a)(1)(A), (B) and (D); § 405(a); 406(a)(1)(B) and (D); and 406(b)(1) and (2); 29 U.S.C. §§ 1103(a); 1103(c)(1); 1104(a)(1)(A), (B) & (D); 1105(a); 1106(a)(1)(B) & (D); and 1106(b)(1) and (2); which resulted in Plan losses.

4. Timothy Hardt is a participant in the Plan.

5. In consideration of the Secretary's agreement to resolve her claims against my spouse, Timothy Hardt, by Consent Judgment and Order, I renounce and agree not to pursue any present or future claim or interest that may have accrued or vested as my interest as the spouse or beneficiary of Timothy Hardt, in any portion of his participant account in the Plan that is ultimately forfeited pursuant to the Consent Judgment and Order.

6. I understand that as a result of my consent to this waiver, I will receive no benefits or distributions from any portion of the participant account of my spouse, Timothy Hardt, in the Plan forfeited pursuant to the Consent Judgment and Order.

Dated: 9-24-, 2012

Signature: Michelle Hardt

Print Name: Michelle Hardt

EXHIBIT A

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of: __Kern__

On __9-24-12__ before me, __L. David Brandon, Notary Public__,

personally appeared __Michelle Harot__,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

[Notary Seal: L. DAVID BRANDON, Commission # 1824579, Notary Public - California, Kern County, My Comm. Expires Nov 25, 2012]

--- OPTIONAL ---

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**

Title or Type of Document: __Waiver of Benefits__

Document Date: __9-24-12__   Number of Pages: __1__

Signer(s) Other Than Named Above: __N/A__

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: __Michelle Harot__
☒ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer is Representing: _____

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer is Representing: _____

© 2007 National Notary Association

EXHIBIT A

```
Janet M. Herold, Regional Solicitor
Bruce L. Brown, Associate Regional Solicitor
Danielle L. Jaberg, Counsel for ERISA
Evan H. Nordby, Trial Attorney, WSBA #35937
Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone:    (206) 757-6762
Facsimile:     (206) 757-6761

Attorneys for Hilda L. Solis, Secretary of Labor,
United States Department of Labor, Plaintiff
```

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>TIMOTHY JOHN HARDT fdba HARDEL, INC. fdba JOURNEY ELECTRICAL TECHNOLOGIES, INC. fdba THE FITNESS CENTRE, LLC DELAWARE fdba TRI STATE, INC. fdba THE FITNESS CENTRE LLC CA_101 and MICHELLE RENE HARDT<br><br>Debtors.<br><br>HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>    vs.<br><br>TIMOTHY JOHN HARDT fdba HARDEL, INC. fdba JOURNEY ELECTRICAL TECHNOLOGIES, INC. fdba THE FITNESS CENTRE, LLC DELAWARE fdba TRI STATE, INC. fdba THE FITNESS CENTRE LLC CA_101 and MICHELLE RENE HARDT,<br><br>    Defendants. | District Ct. No. 1:10-CV-01847-AWI-JLT<br><br>Bankruptcy No.  09-62756-A-7<br><br>Adversary No.: 10-01206-A<br><br>**JOINT STIPULATION AND ORDER AS TO NONDISCHARGEABILITY OF DEBT** |

**EXHIBIT B**

Plaintiff-Creditor HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary"), on behalf of the Journey Electrical Technologies, Inc. 401(k) Plan ("Plan" or "401(k) Plan"), and TIMOTHY JOHN HARDT fdba HARDEL, INC. fdba JOURNEY ELECTRICAL TECHNOLOGIES, INC. fdba THE FITNESS CENTRE, LLC DELAWARE fdba TRI STATE, INC. fdba THE FITNESS CENTRE LLC CA_101 ("Debtor") and MICHELLE RENE HARDT (collectively "Debtors"), having agreed to resolve any dispute as to the dischargeability of the debt owed by the Debtors to the Plan, and pursuant to L.R. 143 and 144, hereby consent to the following Joint Stipulation and Order as to Nondischargeability of Debt ("Stipulation") and entry of an Order from the Court in accordance herewith:

1. On December 30, 2009, the Debtors filed a Petition for protection under Chapter 7 of the Bankruptcy Code in this Court.

2. The Notice to Creditors in this matter stated that it was not necessary to file a Proof of Claim, as there were no assets to distribute in this matter; therefore, the Secretary did not file a Proof of Claim.

3. This Court has jurisdiction over the parties and the subject matter of this Stipulation.

4. Debtor Timothy Hardt is a fiduciary of the Plan within the meaning of Section 3(21), 29 U.S.C. § 1002(21), of the Employee Retirement Income Security Act of 1974 ("ERISA").

5. The Plan is an employee benefit plan within the meaning of section 3(3) of the ERISA, 29 U.S.C. § 1002(3).

6. Debtor Timothy Hardt breached the fiduciary duties imposed upon him by ERISA Sections 404(a)(1)(A), (B) and (D), 406(a)(1)(B), 406(b)(1) & (2), and 403(c)(1), 29 U.S.C. §§ 1104(a)(1)(A), (B), & (D); 1106(a)(1)(B), 1106(b)(1) & (2), and 1103(c)(1), by failing to remit, and remit timely, employee contributions and participant loan payments to the 401(k) Plan.

**EXHIBIT B**

Case 1:10-cv-02283-AWI-JLT Document 53 Filed 09/12/12 Page 31 of 14

7. Debtor Timothy Hardt further breached the fiduciary duties imposed upon him by ERISA Sections 404(a)(1)(A), (B) and (D), and 406(b)(2), 29 U.S.C. §§ 104(a)(1)(A), (B), & (D), 1106(b)(2), by failing to collect, and collect timely, mandatory employer prevailing wage contributions due to the 401(k) Plan.

8. As a result of the fiduciary breaches set forth in Paragraphs 6 and 7, *supra*, and the Consent Judgment and Order between the Secretary of Labor and Defendant Timothy John Hardt agreed to contemporaneously with this filing in Solis v. Hardt et al., Case No. 1:10-CV-02283-AWI-JLT, Debtor Timothy Hardt owes a debt of **$472,235.11** to the 401(k) Plan ("Amount Due"). Interest shall accrue on the Loss Amount at the rate set forth in 28 U.S.C. § 1961 from the date this Court enters an Order finding the Amount Due is nondischargeable until such time as the Amount Due is paid to the Plan in full.

9. The debt to the Plan arose from Debtor Timothy Hardt's breaches of fiduciary duties owed to the Plan, as set forth in Paragraphs 6 and 7, *supra*, and such breaches also constitute fiduciary defalcation under Section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

10. The parties consent to an entry of an Order that the debt to the Plan shall be a nondischargeable debt, without the need for trial or adjudication of any issue of fact or law.

11. This Joint Stipulation and Order does not in any manner affect the right of the United States Department of Labor to assess a civil penalty of twenty percent (20%) on amounts recovered pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), after the full recovery of the Amount Due under the Consent Judgment and Order referred to in Paragraph 8 *infra*. This Joint Stipulation and Order does not in any manner affect the right of Defendant Hardt to apply for a waiver of such civil penalty pursuant to 29 C.F.R. § 2570.85-86, or contest such civil penalty assessment under Title 11 of the United States Code.

12. While Section 524 of the Bankruptcy Code, 11 U.S.C. § 524, provides that any agreement for the nondischargeability of debt may be rescinded at any time prior to discharge or within sixty (60) days after such agreement is filed with the court, whichever

**EXHIBIT B**

1  occurs later, Debtors agree that they will not rescind this Stipulation as to
2  Nondischargeability of Debt.

3      13.    The parties understand that this agreement is not required under Title 11 of
4  the United States Code, under non-bankruptcy law, or under any agreement not in
5  accordance with the provisions of 11 U.S.C. § 524(c)(2)(B).

6      14.    Debtors expressly waive any and all claims of any nature, which they have or
7  believe they may have against the United States Department of Labor, the Secretary, or any
8  of her officers, agents, employees, or representatives, arising out of or in connection with the
9  filing, prosecution, and maintenance of this adversary proceeding and any other proceeding
10 or investigation incident to this adversary proceeding.

11     15.    Nothing in this Stipulation is binding on any governmental agency other than
12 the Employee Benefits Security Administration, United States Department of Labor.

13     16.    The parties shall bear their own costs, expenses, and attorneys' fees incurred
14 in connection with any stage of the above-referenced proceeding to date, including but not
15 limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as
16 amended.

17     17.    The Secretary hereby waives and releases all claims asserted in her
18 Adversary Complaint against Debtor Michelle Rene Hardt.

19     The Court directs the entry of this Joint Stipulation and Order as a final order.
20 IT IS SO ORDERED, ADJUDGED, and DECREED.

EXHIBIT B

The undersigned consent to the foregoing Stipulation and consent to the entry of an Order from the Court consistent herewith.

| Approved this ___ day of _____, 2012: | Approved this ___ day of _____, 2012: |
|---|---|
| By: _____<br>TIMOTHY HARDT | M. PATRICIA SMITH<br>Solicitor of Labor |
| Approved this ___ day of _____, 2012:<br><br>By: _____<br>MICHELLE HARDT<br><br>Approved as to form this ___ day of _____, 2012:<br><br>By: _____<br>Ray T. Mullen, Esq.<br>Law Office Of Ray T. Mullen<br>1405 Commercial Way, Suite 130<br>Bakersfield, California 93309<br><br>Murray Tragish, Esq.<br>Law Offices of Murray Tragish<br>1405 Commercial Way, Suite 130<br>Bakersfield, California 93309<br>Counsel for Defendant Timothy Hardt | JANET M. HEROLD<br>Regional Solicitor<br><br>BRUCE L. BROWN<br>Associate Regional Solicitor, Seattle<br><br>DANIELLE L. JABERG<br>Counsel for ERISA<br><br><br>By: _____<br>EVAN H. NORDBY<br>Trial Attorney<br><br>Attorneys for Plaintiff<br>United States Department of Labor |

IT IS SO ORDERED.

Dated: __September 14, 2012__         _____
                                       CHIEF UNITED STATES DISTRICT JUDGE

EXHIBIT B